## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **DEMETRIUS MCCULLOUGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 16-03178** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Demetrius McCullough's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (d/e 1).  Because Petitioner's prior conviction under Illinois law for reckless discharge of a firearm does not qualify as a crime of violence, he does not qualify as a career offender under the U.S. Sentencing Guidelines.  See Opinion, Zollicoffer v. United States, Case No. 15-cv-3337 (ILCD) (Aug. 29, 2018).  For the reasons stated herein, the Petition is GRANTED.

## I. BACKGROUND

In November 1999, Petitioner was charged by indictment with eight counts of distributing a substance containing crack cocaine,

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  United States v. McCullough et al, Central District of Illinois, Springfield Division, Case No. 99-cr-30091 (hereinafter Crim. Case).  In March 2000, a Superseding Indictment was filed against Petitioner and his co-defendants that largely mirrored the original charges against Petitioner.  In July 2000, a jury found Petitioner guilty of one count of conspiracy to possess with intent to distribute controlled substances and six counts of distribution of cocaine base.

The Presentence Investigation Report (PSR) prepared in anticipation of Petitioner's sentencing listed Petitioner's qualifying offenses: a prior conviction for robbery in 1991 in Sangamon County, Illinois, case number 90-CF-808, and a prior conviction for reckless discharge of a firearm in 1994 in Sangamon County, Illinois, case number 93-CF-745.  See PSR ¶¶ 62, 67, 69.  The criminal history section of the PSR also included another prior conviction for reckless discharge of a firearm in Sangamon County, Illinois, case number 97-CF-340.  See PSR ¶ 74.  No other conviction listed in Petitioner's criminal history qualified for the career offender status.

On December 19, 2000, U.S. District Judge Jeanne Scott sentenced Petitioner to 420 months' imprisonment on the conspiracy count and 360 months on each of the distribution counts, all of which were to run concurrently. Judge Scott has since retired, and this matter has been reassigned to U.S. District Judge Sue E. Myerscough.

The Sentencing Order attached to the Criminal Judgment indicates that the Court found that, based on quantities of drugs that the PSR found Petitioner accountable for, Petitioner's offense level was 36. The Court applied a 2-level enhancement for possessing a firearm in furtherance of the drug trafficking crime, for a total offense level of 38. With Petitioner's criminal history category V, his range was 360 to life. Alternatively, the Court found that Petitioner was a career offender based on his 1991 robbery and 1994 reckless discharge of a firearm convictions. The career offender status rendered an offense level of 38 and a criminal history category of VI, for a range of 360 months to life. Therefore, Petitioner's status as a career offender did not have any impact on his total offense level. See PSR ¶¶ 61, 64.

While the career offender designation increased his criminal history category from V to VI, that change had no effect on Petitioner's imprisonment range. Nonetheless, the Statement of Reasons attached to the Criminal Judgment lists Petitioner's criminal history category as VI, indicating that the Court found Petitioner to be a career offender. Using a total offense level of 38, the Court found the imprisonment range to be 360 months to life. This Guideline range was mandatory on the sentencing Court because Petitioner was sentenced prior to the Supreme Court's ruling in <u>United States v. Booker</u>. 543 U.S. 220 (2005) (abolishing the mandatory nature of the Sentencing Guidelines and rendering them advisory).

Following the sentencing, Petitioner appealed, but he later dismissed the appeal. <u>See</u> Crim. Case (d/e 241).

Petitioner filed his first § 2255 petition in 2002, alleging ineffective assistance by his attorney in the criminal case, Attorney Randall Cox. <u>See</u> <u>McCullough v. United States</u>, Central District of Illinois, Springfield Division, Case No. 02-cv-03225 (d/e 1). The Court denied the petition and denied a certificate of appealability.

Id. (d/e 6). The Seventh Circuit also denied a certification of appealability. Id. (d/e 20).

In 2015, the Supreme Court decided Johnson v. United States, which addressed the Armed Career Criminal Act (ACCA), which enhanced sentences for gun offenses for defendants with three prior convictions for violent felonies or drug felonies. The Court held that the residual clause of the ACCA, which classified an offense as a "violent felony" if it involved "conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. 2551 (2015). In light of Johnson, Petitioner applied for authorization to file a successive § 2255 petition. The Seventh Circuit granted Petitioner's application to file a petition that sought to apply Johnson to the identically-worded residual clause of the career offender enhancement of the mandatory Guidelines. See McCullough v. United States, Case No. 16-1678 (7th Cir. 2016).

Petitioner filed the § 2255 Petition at issue here on June 20, 2016. (d/e 1) (hereinafter Petition). Petitioner's appointed counsel filed a Memorandum of Law in Support of the Petition on June 14, 2018. Id. (d/e 11) (hereinafter Memo).

In the Petition, Petitioner seeks relief from his career offender status on the ground that his reckless discharge of a firearm convictions qualified as crimes of violence only under the residual clause. In light of Johnson, the Memorandum asserts that neither of his reckless discharge convictions qualify as predicate offenses. Therefore, Petitioner should not have been subject to the career offender Guideline. Although Petitioner's career offender designation did not increase his total offense level or his imprisonment range, Petitioner is entitled to habeas relief if he was sentenced as a career offender in violation of his Due Process Rights.

## II. LEGAL STANDARD

### A. Habeas Relief Under § 2255 is an Extraordinary Remedy for a Fundamental Defect.

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is accordingly "appropriate only

for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

### B. The Residual Clauses of the ACCA and the Mandatory Guidelines are Void for Unconstitutional Vagueness.

The Armed Career Criminal Act (ACCA) enhances the penalties for gun offenses under 18 U.S.C. § 922(g) when the defendant has three prior convictions for a "violent felony," a serious drug offense, or both. 18 U.S.C. § 924(e).

The current version of the ACCA defines "violent felony" in two ways. One definition, known as the elements clause, defines violent felony as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The second definition is known as the enumerated clause and defines violent felony as a felony that "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).

Prior to 2015, the ACCA also contained a third definition of violent felony, known as the residual clause. See Taylor v. United

States, No. 12-CR-30090-MJR, 2015 WL 7567215, at *13 (S.D. Ill. Nov. 25, 2015) (noting that, until Johnson was decided, "a prior conviction could qualify as a violent felony under three different sections of the ACCA—the elements clause, the enumerated clause, or the residual clause").  The residual clause defined violent felony as a felony involving "conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii) (2015).

In 2015, the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague.  Johnson v. United States, 135 S. Ct. 2551 (2015).  The Court ruled the clause void for vagueness because "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  Id. at 2563.

The following year, the Supreme Court ruled that its holding in Johnson applied retroactively to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257, 1268 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review").  Therefore, a petitioner can attack the validity of his sentence in a § 2255 motion under Johnson.  Id.

After <u>Johnson</u>, courts considered whether the <u>Johnson</u> rule applied to the identically-worded residual clause of the career offender Guideline, § 4B1.2(a)(2). Similar to ACCA's enhanced penalties for defendants who have three prior qualifying offenses, Section 4B1.1 of the United States Sentencing Guidelines establishes enhanced offense levels for "career offenders." A career offender is a defendant whose conviction in the instant case is either a "crime of violence" or a controlled substance felony and who has at least two prior felony convictions of a crime of violence or a controlled substance offense. Like the ACCA, § 4B1.2 has several definitions for "crime of violence." The so-called elements clause defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Alternatively, § 4B1.2 provides a list of offenses that are also crimes of violence. Prior to 2016, § 4B1.2 also included an additional definition of "crime of violence," known as the residual clause. The residual clause defined "crime of violence" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2003). This definition tracked verbatim the language of the ACCA residual

clause.  See United States v. Hampton, 675 F.3d 720, 730-31 & n.2 (7th Cir. 2012) (noting that the case law interpreting "crime of violence" in the career offender guideline and "violent felony" in the Armed Career Criminal Act is interchangeable).

In August 2016, the Seventh Circuit held that the Johnson rule applied to the advisory Guidelines.  United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016).

On March 6, 2017, the United States Supreme Court ruled that because the Sentencing Guidelines are advisory and are not binding on courts, they are not subject to vagueness challenges under the Due Process Clause.  Beckles, 137 S. Ct. 886.  The U.S. Supreme Court addressed only a sentence based on the post-Booker, advisory Guidelines.  In support of the Supreme Court's holding, the Supreme Court reasoned that the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."  Id. at 892.  Therefore, the language of the advisory Guidelines does not implicate a defendant's due process rights.  Id. at 890 (also abrogating Hurlburt).

Beckles clarified that the advisory Guidelines are not subject to the void-for-vagueness doctrine because, unlike a statutory sentence, the Guidelines are not binding on the courts. However, Beckles did not address the Guidelines as they existed prior to the Supreme Court's 2005 ruling that the Guidelines were no longer binding on courts and were merely advisory. Booker v. United States, 543 U.S. 220 (2005). After Beckles, courts grappled with whether the pre-Booker, mandatory Guidelines are subject to the void-for-vagueness doctrine.

On June 7, 2018, the Seventh Circuit addressed this issue in consolidated cases Cross v. United States and Davis v. United States, 892 F.3d 288 (7th Cir. 2018) (hereinafter Cross). There, the Seventh Circuit held that: 1) the rule in Johnson applies to the mandatory Guidelines; 2) the mandatory Guidelines' residual clause is unconstitutionally vague; 3) the rule applies retroactively because it is merely an application of Johnson; 4) a petition challenging a career offender enhancement under the mandatory Guidelines' residual clause is timely if the petition was filed within one year of the Johnson opinion under 28 U.S.C. § 2255(f)(3); and 5) any procedural default based on a failure to raise a vagueness challenge

to the mandatory Guideline residual clause at the time of sentencing is excused pursuant to <u>Reed v. Ross</u>, 468 U.S. 1 (1984) (petitioner excused from raising claim on direct appeal when basis of claim was rule that, at time of conviction, was contrary to existing precedent).

## III. ANALYSIS

### A. Petitioner's Sentence Violated the Due Process Clause Because it Relied Upon the Unconstitutionally Vague Residual Clause of Guideline § 4B1.2(a)(2).

*1. Reckless discharge of a firearm is only a crime of violence under the residual clause.*

Petitioner was found to be a career offender under the mandatory Sentencing Guidelines based on his prior convictions in Illinois for robbery and for reckless discharge of a firearm. Petitioner's reckless discharge of a firearm convictions are crimes of violence only under the residual clause.

The Court notes that Petitioner's prior conviction for robbery in Illinois qualifies as a crime of violence.  <u>See</u> <u>United States v. Bedell</u>, 981 F.2d 915 (7th Cir. 1992).

In Illinois, "[a] person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the

bodily safety of an individual."  720 ILCS 5/24-1.5(a).  "This statute does not have as an element the use or attempted use of force against the person of another."  United States v. Gear, 577 F.3d 810, 812 (7th Cir. 2009) (Defendant's prior conviction under Illinois law for reckless discharge of a firearm was not a conviction for a crime of violence).  Accordingly, the offense qualified as a crime of violence only under the residual clause.  Id. at 812 ("the crime [of reckless discharge of a firearm in Illinois] is violent, or not, under the residual category of U.S.S.G. § 4B1.2(a)(2)").  Though it does not meet the requirements of the elements clause, reckless discharge of a firearm in Illinois fits easily within the residual clause because it "plainly requires conduct that presents a 'serious potential risk of physical injury to another' within the meaning of § 4B1.2(a)(2)." United States v. Newbern, 479 F.3d 506, 509 (7th Cir. 2007), overruled on other grounds by United States v. Smith, 544 F.3d 781, 786 (7th Cir. 2008) (holding that in light of Begay, offenses requiring a mens rea of mere recklessness could not be crimes of violence).

Therefore, Petitioner's prior convictions for reckless discharge of a firearm supported his designation as a career offender only by qualifying as a crime of violence under the residual clause.

## 2. *Petitioner does not qualify as a career offender.*

In <u>Cross</u>, the Seventh Circuit reversed the district court's denial of habeas relief for two petitioners who had been sentenced under the mandatory Guidelines as career offenders based on their prior convictions for simple robbery, which did not qualify as a crime of violence under the elements clause. The Seventh Circuit held that the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines is unconstitutionally vague. <u>Cross</u>, 892 F.3d at 306. Therefore, the petitioners' convictions for robbery no longer qualified as crimes of violence.

> [T]he mandatory guidelines' incorporation of the vague residual clause impeded a person's efforts to regulate his conduct so as to avoid particular penalties and left it to the judge to prescribe the . . . sentencing range available. Therefore, unlike the advisory guidelines, the mandatory guidelines implicated the twin concerns of the vagueness doctrine. The mandatory guidelines are thus subject to attack on vagueness grounds. (internal citations omitted).

<u>Id.</u> Here, Petitioner's prior convictions of reckless discharge of a firearm qualified as crimes of violence only under the residual

clause, so they are no longer crimes of violence under § 4B1.2(a)(1).
Therefore, because Petitioner has only one qualifying prior
conviction under § 4B1.1, he does not qualify as a career offender.

Petitioner's sentence was imposed in violation of the Due
Process Clause because the sentence was based on an error that
constitutes a fundamental defect, which inherently results in a
complete miscarriage of justice.  See Narvaez v. United States, 674
F.3d 621 (7th Cir. 2011).  The listing of Petitioner's criminal history
category of VI in the Statement of Reasons indicates that he was
sentenced as a career offender.  The reality that he may have
received the same sentence without the career offender designation
does not cure the constitutional defect.  Therefore, the Petition
meets § 2255(a)'s requirement that the basis of the claim be that
the sentence was imposed in violation of the Constitution or the
laws of the United States.

Additionally, under the Guidelines today, without the career
offender designation, Petitioner's base offense level would be 30 or
32, depending on his total accountability amounts for crack cocaine
and powder cocaine.  See Memo at 3-4.  Assuming a base offense
level of 32, with the two-level enhancement for possessing a firearm

in furtherance of the offenses, Petitioner's total offense level would be 34. Petitioner's criminal history category without the career offender designation is V. Based on a total offense level of 34 and a criminal history category of V, Petitioner's imprisonment range would be 235 to 293 months without the career offender enhancement.

However, before the Court can relieve Petitioner of his sentence, the Court must find that the successive § 2255 Petition is based on a new and retroactive rule of constitutional law, that the Petition was timely filed, and that Petitioner has not procedurally defaulted on his claim.

## B. The Petition is Based on a Rule of Constitutional Law Newly Recognized by the Supreme Court and Made Retroactive By the Supreme Court.

When a petitioner has already sought relief from his conviction under § 2255, he may file a subsequent § 2255 petition only if the petition is based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

*1. The successive § 2255 petition is based on a rule of constitutional law newly recognized by the Supreme Court.*

In <u>Johnson</u>, the Supreme Court recognized the right to be free from a sentence enhancement based on unconstitutionally vague language.  This right, which forms the basis of the Petition, is constitutional, as it protects Petitioner's Due Process Rights.  Further, the rule in <u>Johnson</u> was not dictated by past precedent but was instead a new rule of law.  "It is undisputed that <u>Johnson</u> announced a new rule."  <u>Welch</u>, 136 S. Ct. at 1264.  Therefore, the Petition is based on a constitutional rule of law newly recognized by the Supreme Court in <u>Johnson</u>.

*2. The Supreme Court applied the <u>Johnson</u> rule retroactively to the mandatory Guidelines.*

The Petition also meets the retroactivity requirement for a second or successive petition.  Section 2255(h)(2) requires that a second or successive petition be based on a previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

A newly recognized constitutional rule applies retroactively if it is a substantive rule rather than a procedural rule.  <u>Welch</u>, 136 S. Ct. at 1264.  A substantive rule "alters the range of conduct or the

class of persons that the law punishes," whereas procedural rules "regulate only the manner of determining the defendant's culpability." Id. at 1260 (emphasis removed). In <u>Welch</u>, the Supreme Court held that the rule espoused in <u>Johnson</u> is substantive because it narrowed the class to whom ACCA's sentence enhancement applied. Accordingly, the Supreme Court made the <u>Johnson</u> rule retroactive to cases on collateral review. <u>Id.</u> at 1265.

Although the sentence at issue in <u>Johnson</u> was enhanced under the ACCA, the Supreme Court formulated the rule in <u>Johnson</u> as the right not to be sentenced under a rule of law that fixes sentences using impermissibly vague language. <u>Johnson</u>, 135 S. Ct. at 2556–57 ("The prohibition of vagueness in criminal statutes . . . appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences . . . . [T]he indeterminacy of the . . . residual clause . . . denies due process of law."); <u>see also</u> <u>Beckles</u>, 137 S. Ct. at 892 ("In <u>Johnson</u>, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause . . . fixed—in an impermissibly vague way— a higher range of sentences for certain defendants."). The <u>Johnson</u>

rule applies to the mandatory Guidelines, and, therefore, the retroactivity that the Supreme Court bestowed upon the <u>Johnson</u> rule in <u>Welch</u> applies when the Guidelines that governed the sentence are mandatory.

Although the Seventh Circuit in <u>Cross</u> did not directly address the retroactivity requirement for second or successive petitions, that decision nonetheless supports this reading of the <u>Johnson</u> rule. The Seventh Circuit interpreted <u>Johnson</u> as recognizing a defendant's right to be protected from a term of imprisonment that has been fixed by unconstitutionally vague language. <u>Cross</u>, 892 F.3d at 294 (<u>Johnson</u> establishes that a "person has a right not to have his sentence <u>dictated</u> by the unconstitutionally vague language of the mandatory residual clause") (emphasis in original). The Seventh Circuit considered the reasoning in <u>Johnson</u> to find that the <u>Johnson</u> rule was not limited to statutory sentences but applied to a sentence imposed under the mandatory Guideline because such a sentence was binding and, therefore, implicated the defendant's Due Process right.

Therefore, the Seventh Circuit found that the <u>Johnson</u> rule applied retroactively to the mandatory Guidelines cases because the

Supreme Court made the rule retroactive to cases on collateral review in <u>Welch</u>. Because the mandatory Guidelines acted like statutes, the Seventh Circuit found that "[t]he same logic [as applied in <u>Welch</u>] justifies treating <u>Johnson</u> as substantive, and therefore retroactive, when applied to the mandatory guidelines." <u>Cross</u>, 892 F.3d at 307. Therefore, the Seventh Circuit did not find that it was extending the retroactivity that the Supreme Court applied in <u>Welch</u> to the mandatory Guidelines. Rather, the Seventh Circuit has found that the Supreme Court in <u>Welch</u> already made the rule retroactive to the mandatory Guidelines cases on collateral review.

Therefore, the Petition is based on a new constitutional rule made retroactive by the Supreme Court in accordance with § 2255(h)(2). Accordingly, the Petition meets the requirements for a subsequent § 2255 petition.

## C. The Petition is Timely.

Section 2255 petitions are subject to a one-year statute of limitations. The year begins, <u>inter alia</u>, on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Petitioner filed his Petition on June 20, 2016, which falls within one year of the issuance of <u>Johnson</u> on June 26, 2015. The right asserted here is based on the rule espoused in <u>Johnson</u>, which the Supreme Court acknowledged was a new rule of constitutional law.

Additionally, in finding that the Petition meets the requirements for a second or successive § 2255 petition, this Court found that the Supreme Court's retroactive application of the <u>Johnson</u> rule in <u>Welch</u> includes the circumstances of this case, in which the enhanced sentence was fixed under the mandatory Guidelines. <u>See</u> <u>Welch</u>, 136 S. Ct. at 1265; <u>supra</u> Section B.2.

Therefore, the Petition is timely because it was filed within one-year following <u>Johnson</u>.

### D. Petitioner's Failure to Raise the Vagueness of the Residual Clause on Direct Appeal or in his 2002 Habeas Petition Does Not Result in Procedural Default.

Having concluded that the Petition sets forth a meritorious claim, the Court will now address a potential procedural bar to relief.

Petitioner did not challenge the constitutionality of the residual clause on direct appeal or in his 2002 Petition. "The failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding." Barker v. United States, 7 F.3d 629, 632 (7th Cir. 1993). However, a petitioner may raise his constitutional claim for the first time on collateral attack if he "can demonstrate cause for the procedural default as well actual prejudice from the failure to appeal." Id. Procedural default here is excused because Petitioner can show cause and prejudice.

As the Seventh Circuit has recognized, an extended prison term easily establishes prejudice to the petitioner. Cross, 892 F.3d at 294 ("We have no doubt that an extended prison term—which was imposed on both men as a result of their designation as career offenders—constitutes prejudice.").

Second, the cause of Petitioner's procedural default is excusable. A petitioner may be excused for failing to raise the issue on appeal when the petition is based on a Supreme Court decision that: 1) explicitly overrules one of its precedents; 2) overturns a longstanding and widespread practice of lower courts; or 3)

disapproves a practice that the Supreme Court previously sanctioned. <u>Reed v. Ross</u>, 468 U.S. 1, 17 (1984). Petitioner, like the petitioners in <u>Cross</u>, is excused from his failure to raise the vagueness of the residual clause on direct appeal or in his 2002 Petition under the first two types of excuses. First, the Supreme Court in <u>Johnson</u> directly overruled several of its past precedents. <u>See</u>, <u>e.g.</u>, <u>Sykes v. United States</u>, 564 U.S. 1 (2011) (majority rejected notions by dissent that the residual clause of § 924(e) was unconstitutionally vague); <u>James v. United States</u>, 550 U.S. 192 (2007) (same). Second, the Supreme Court in <u>Johnson</u> overturned a long-running position by district and appellate courts that the residual clause was valid and that the Guidelines are not subject to void-for-vagueness challenges. <u>See</u>, <u>e.g.</u>, <u>United States v. Brierton</u>, 165 F.3d 1133 (7th Cir. 1999) (sentencing Guidelines are not susceptible to attack for being void-for-vagueness). The rule set forth in <u>Johnson</u> was so novel that the claim that the residual clause was unconstitutionally vague was not reasonably available to Petitioner and his attorney at Petitioner's sentencing, on appeal, or while the 2002 Petition was pending. <u>See</u> <u>Welch</u>, 136 S. Ct. at 1264 (<u>Johnson</u> rule was new because it was not dictated by precedent

existing at the time of defendant's conviction); <u>Cross</u>, 892 F.3d at 295-96. <u>Johnson</u> abrogated a substantial body of circuit court precedent upholding the residual clause against vagueness challenges.

Accordingly, Petitioner could not reasonably have argued the vagueness of the residual clause when he was sentenced in 2000, on direct appeal, or in his 2002 Petition. His inability to anticipate <u>Johnson</u> excuses his procedural default.

## IV. CONCLUSION

Petitioner's reckless discharge of a firearm convictions are not crimes of violence, and he does not qualify as a career offender under § 4B1. Further, the Petition meets the requirements of § 2255 because it is based on the new constitutional rule recognized in <u>Johnson</u> and made retroactive by the Supreme Court in <u>Welch</u>. Petitioner filed the Petition within one year of the issuance of the <u>Johnson</u> decision, so it is timely. Accordingly, Petitioner is entitled to relief.

The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (d/e 1) is GRANTED. A resentencing hearing in Criminal Case No. 99-cr-30091 (ILCD) is hereby set for Friday,

October 19, 2018, at 11:00 AM. Petitioner shall remain in the custody of the Bureau of Prisons while awaiting his resentencing hearing. The Clerk is DIRECTED to provide a copy of this Order and the corresponding docket entry to Petitioner.

**ENTER: August 31, 2018**

<u>**/s/ Sue E. Myerscough**</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**